THE SIOUX CITY NURSERY ETC. CO., PLAINTIFF IN ERROR,
v. CARLTON, DEFENDANT IN ERROR.

1. DEFENSE—FAILURE OF CONSIDERATION.
The defendant in an action on a promissory note may always, while the
note remains the property of the payee, avail himself of the de-
fense that it was given without consideration.

2. PRESUMPTION ON REVIEW.
In the absence of the bill of exceptions containing the evidence, the
    presumption is that the judgment was warranted by the proofs.

*Error to the County Court of Otero County.*

THE case is stated in the opinion of the court.

Mr. A. F. THOMPSON, for plaintiff in error.

Mr. LUCIUS P. MARSH, for defendant in error.

REED, J., delivered the opinion of the court.

Plaintiff in error was plaintiff below, and brought suit on
two promissory notes given for nursery stock. The case
being an appeal from a justice of the peace, there were no
written pleadings. The notes were put in evidence and the
plaintiff rested.

The defendant was sworn and gave testimony and pro-
duced eight or ten witnesses, who also testified; but as to
what they testified and what the nature of the defense was,
we are wholly uninformed. There is no bill of exceptions
contained in the transcript sent up. The case was tried to
the court and resulted in a judgment of $100 and costs
against the plaintiff for labor, loss of growth of the trees,
damages, etc. From this we presume—and it rests entirely
in presumption—the suit being between the original parties,
that the defense was want of consideration, and that the de-
fendant's judgment against the plaintiff was based upon the
breach of some warranty, resulting in damage. Several
errors are assigned, but their consideration is impossible for
want of data. It is ably urged in argument that the court
erred in allowing parol evidence to overcome the absolute
agreement to pay, contained in the notes. Judging from
the result, we conclude such was not the course pursued,
but that the defense was want of consideration, which is al-
ways available to a defendant while the note remains the
property of the payee.

The legal presumption always being in favor of the regu-
larity and correctness of judgments—with no means of
knowing upon what the judgment for damages against the
plaintiff was predicated, or what the evidence in support
of it was—the presumption must prevail in regard to its
validity.

The judgment must be affirmed.

*Affirmed.*